1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN FLOYD BOURN,                    No.  2:14-cv-01824-AC

12              Plaintiff,

13        v.                                ORDER

14   PEOPLE OF THE STATE OF
     CALIFORNIA,
15
                Defendant.
16

17

18        Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. §

19   1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule

20   302(c)(21).  Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

21   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

22   forma pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981.  In reviewing a complaint under

9   this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13      Plaintiff asserts claims against the State of California for violation of 18 U.S.C. § 241 and

14  the Ralph Civil Rights Act; fraud; malicious prosecution; vindictive prosecution; prosecution of

15  false charges; obstruction of justice; abuse of process; misappropriation of public funds; denial of

16  honest services; conversion; unlawful custom & practices; request for equitable relief; negligence;

17  RICO violations; and trespass-fixed contest violations.  ECF No. 1 at 1.  Plaintiff alleges that he

18  was wrongfully arrested on either August 8, 2008, or August 15, 2008,[1] and charged with failure

19  to register as a sex offender in violation of California Penal Code § 290.012.  Id. at 13–14.

20  According to plaintiff, he has never been convicted of any sex offenses, and the entire incident

21  actually occurred because Butte County officials mistook him for the actual perpetrator, who

22  shares his same first and last name.  Id. at 14.

23      Plaintiff claims that he was arrested without warning in his home in Magalia, California

24  by two police officers who told him that he was being arrested for being a sex offender.  Id.  Once

25  plaintiff arrived at the sheriff's office, another officer, Sergeant Ament, approached plaintiff with

26  a file containing photographs of the perpetrator.  Id.  Both Sergeant Ament and one of his

27

28  ―――――――――――
[1] Plaintiff's complaint alleges that he was arrested on both dates.  ECF No. 1 at 13.

1  arresting officers looked at the picture and realized that plaintiff was not the perpetrator, but did

2  nothing about it.  Id.  The next day, the photos had disappeared.  Id.  While in Butte County Jail

3  plaintiff was asked multiple times to sign "sexual offender paper," and although he initially

4  refused, he ultimately signed the paperwork because his diabetes symptoms were causing him

5  substantial pain.  Id.  At trial, it was revealed that the prosecution had a photo of the correct

6  Steven Bourn in its possession.  Id. at 17.  Once that photo was disclosed to the court, the charges

7  against plaintiff were dismissed.  Id.  Plaintiff requests general and special damages in the amount

8  of $1,935,000.00 for his wrongful arrest and detention.

9       The court finds that the Eleventh Amendment's state sovereignty immunity provision bars

10  plaintiff from pursuing his claims against California.  The Eleventh Amendment provides that

11  "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

12  equity, commenced or prosecuted against one of the United States by Citizens of another State, or

13  by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "The Supreme Court has

14  consistently held that the federal courts lack jurisdiction not only over suits against a state brought

15  by citizens of other states, as the literal language of the Amendment provides, but also over suits

16  against such states brought by their own citizens."  Dwyer v. Regan, 777 F.2d 825, 835 (2d

17  Cir.1985) (citations omitted).  The Eleventh Amendment does not bar a claim where the state has

18  consented to be sued or Congress has abrogated the states' Eleventh Amendment immunity.  See

19  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000).  However, Congress has not abrogated

20  the state's Eleventh Amendment immunity as to any of plaintiff's claims, and California has not

21  consented to be sued.  See Quern v. Jordan, 440 U.S. 332, 342 (1979) (noting that 42 U.S.C. §

22  1983 did not abrogate the states' sovereign immunity).  Accordingly, the court finds that

23  plaintiff's complaint should be dismissed because his claims are barred by the Eleventh

24  Amendment.  The court will, however, grant leave to file an amended complaint.

25       If plaintiff chooses to amend his complaint, he must set forth the jurisdictional grounds

26  upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must include

27  as a defendant a person or entity subject to liability for his claims.  Plaintiff is advised in this

28  regard that prosecutors are absolutely immune when acting in their role as advocate for the state,

3

1  including charging decisions.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  The complaint

2  must allege in specific terms how each named defendant is involved and include a short and plain

3  statement of the facts as required by Federal Rule of Civil Procedure 8(a)(2).  Although the

4  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

5  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

6  649 (9th Cir. 1984).  The court has determined that plaintiff's complaint, which is 91 pages long

7  and contains 16 claims, does not meet this requirement.

8       Plaintiff is informed that the court cannot refer to a prior pleading in order to make

9  plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

10  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

11  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

12  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

13  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

14  and the involvement of each defendant must be sufficiently alleged.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

17       2.  Plaintiff's complaint is dismissed; and

18       3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

19  complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

20  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

21  and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the

22  amended complaint; failure to file an amended complaint in accordance with this order will result

23  in a recommendation that this action be dismissed.

24  DATED: September 11, 2014

25

26  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

27

28