UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FLOYD BOURN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Defendant. | No.  2:14-cv-1824-AC<br><br><br>ORDER |

　　　　Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended complaint ("FAC"), ECF No. 10, after his original pleading was dismissed on the basis of defendant's Eleventh Amendment immunity.  See ECF No. 7 (previous screening order).  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a

1

1  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
2  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
3  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v.
4  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
5  complaint under this standard, the court must accept as true the allegations of the complaint in
6  question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in
7  the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
8  McKeithen, 395 U.S. 411, 421 (1969).

9  Applying these standards, the court finds that plaintiff's FAC fails to state a cause of
10 action for the following reasons.

11 First, plaintiff claims to incorporate the facts he alleged in his original complaint by
12 reference, ECF No. 10 at 2, despite the fact that the court explicitly stated in its September 12,
13 2014, order that he is prohibited from doing so, ECF No. 7 at 4.  Perhaps believing that he could
14 rely on the allegations in his original complaint, plaintiff also fails to state the legal basis of a
15 single claim against defendant.  Instead, plaintiff simply alleges that he was wrongly prosecuted
16 for failure to register as a sex offender.  ECF No. 10 at 6–7.  Such an allegation is not, without
17 more, sufficient to give rise to a cause of action.

18 Second, plaintiff fails to address the central issue of defendant's immunity from liability.
19 As the court explained in its September 12, 2014 order, the Eleventh Amendment's state
20 sovereignty immunity provision bars plaintiff from pursuing the claims contained in his original
21 complaint against the State of California.  See Dwyer v. Regan, 777 F.2d 825, 835 (2d Cir. 1985).
22 Plaintiff does not directly dispute the State's immunity in his FAC.  Instead, plaintiff argues that
23 his FAC should survive because he has brought his claims against other individuals in their
24 personal and official capacities.  ECF No. 10 at 17.  This is simply not the case.  Although
25 plaintiff alleges that a number of individuals—including his public defender and the district
26 attorney—conspired to convict him, id. at 10 at 7, the only named defendant that appears in the
27 caption of plaintiff's FAC is the State of California.

28 Finally, plaintiff argues that whether he has stated a claim is irrelevant because the fact

1 that defendant has failed to file an answer to his complaint entitles him to a default judgment.[1]

2 Generally, a defendant must file a responsive pleading within 21 days after being served with the

3 summons and complaint or, if that defendant has waived service, within 60 days after the request

4 for a waiver was sent.  Fed. R. Civ. P. 12(a).  Defendant has yet to be served in this matter.

5 Accordingly, a default judgment is not proper because defendant has not missed its deadline to

6 file a responsive pleading or failed to defend itself under Federal Rule of Civil Procedure 55(a).

7      Plaintiff will be granted one final attempt to state a viable cause of action.  If plaintiff

8 chooses to amend his complaint, he must set forth the jurisdictional grounds upon which the

9 court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must include as a defendant a

10 person or entity subject to liability for his claims.  **Plaintiff must name any defendant he**

11 **intends to sue in the caption of his complaint.**  The complaint must allege in specific terms how

12 each named defendant is involved and include a short and plain statement of the facts as required

13 by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading

14 policy, a complaint must give fair notice and state the elements of the claim plainly and

15 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's

16 FAC, which does not state the legal basis of his claims against defendant, does not meet this

17 requirement.

18      Plaintiff is informed that the court cannot refer to a prior pleading in order to make

19 plaintiff's amended complaint complete.  **Local Rule 15-220 requires that an amended**

20 **complaint be complete in itself without reference to any prior pleading.**  This is because, as a

21 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25 ////

---

26 [1] Plaintiff also argues that the court is barred from dismissing his complaint *sua sponte* because
27 doing so constitutes inappropriate advocacy on behalf of defendant.  In accordance with 28
U.S.C. § 1915(e)(2), the court has the authority to dismiss claims *sua sponte* that seek monetary
28 relief from a defendant who is immune from such relief

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 22, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4