UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FLOYD BOURN, | No.  2:14-cv-1824-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff Steven Floyd Bourn, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. §1915.  The case was referred to the undersigned in accordance with Local Rule 302(c)(21).  Before the court is plaintiff's motion to reconsider the order dismissing his first amended complaint with leave to amend.[1]  ECF No. 13.  For the reasons discussed the below the court denies plaintiff's motion.

LEGAL STANDARD

A.  In Forma Pauperis

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

---

[1]  Plaintiff also filed his state court application to proceed in forma pauperis on November 24, 2014.  ECF No. 15.  The court will disregard plaintiff's state court application however, because it has already granted his request to proceed in forma pauperis.  ECF No. 7.

1

1    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

2    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

3    § 1915(e)(2).

4         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8    490 U.S. at 327.

9         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

10   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

11   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

12   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

13   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

14   this standard, the court must accept as true the allegations of the complaint in question, Hospital

15   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

16   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

17   McKeithen, 395 U.S. 411, 421 (1969).

18   B.  Motion for Reconsideration

19       Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction

20   to modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 1048–49 (9th Cir. 2000).

21   Generally stated, reconsideration is appropriate where there has been an intervening change in

22   controlling law, new evidence has become available, or it is necessary to correct clear error or

23   prevent manifest injustice.  See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d

24   1255, 1263 (9th Cir. 1993).

25       In the absence of new evidence or a change in the law, a party may not use a motion for

26   reconsideration to raise arguments or present new evidence for the first time when it could

27   reasonably have been raised earlier in the litigation.  Carroll v. Nakatani, 342 F.3d 934, 945 (9th

28   Cir. 2003); see also Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Motions

2

1    to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments

2    previously presented." United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), rev'd

3    on other grounds, 160 F.3d 1254 (9th Cir. 1998).  Ultimately, a party seeking reconsideration

4    must show "more than a disagreement with the Court's decision, and recapitulation of the cases

5    and arguments considered by the court before rendering its original decision fails to carry the

6    moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131

7    (E.D. Cal. 2001).

8                                              ANALYSIS

9          The court declines to reconsider its order dismissing plaintiff's first amended complaint

10   with leave to amend because plaintiff has failed to point to any new evidence or intervening law

11   that renders its previous order manifestly unjust.  Plaintiff's motion for reconsideration merely

12   rehashes matters asserted in his first amended complaint and does not address the underlying

13   problem with his claims, that defendant is immune from liability under the Eleventh Amendment.

14   See Dwyer v. Regan, 777 F.2d 825, 835 (2d Cir. 1985).  As the court has explained, motions to

15   reconsider must not be based on arguments that the court has already addressed.  Navarro, 972 F.

16   Supp. at 1299.  Accordingly, the court declines to reconsider its order dismissing plaintiff's first

17   amended complaint with leave to amend.

18         Plaintiff is hereby cautioned that the filing of his interlocutory appeal with the Ninth

19   Circuit Court of Appeals in no way stays this action.  Thus, regardless of the pending appeal,

20   plaintiff is required to timely file an amended complaint in accordance with this order.  Failure to

21   do so will result in a recommendation that this action be dismissed without leave to amend

22   pursuant to Federal Rule of Civil Procedure 41(b).

23         In light of the foregoing, IT IS HEREBY ORDERED that:

24         1.  Plaintiff's November 24, 2014, motion for reconsideration (ECF No. 13) is denied; and

25         2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

26   complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Local

27   Rules of Practice, and the court's October 23, 2014, order (ECF No. 12); the amended complaint

28   must bear the docket number assigned this case and must be labeled "Second Amended

                                                  3

1  Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to

2  file an amended complaint in accordance with this order will result in a recommendation that this

3  action be dismissed without leave to amend.

4  DATED: December 1, 2014

5  _____
   ALLISON CLAIRE
6  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28