UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FLOYD BOURN,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:14-cv-01824-MCE-AC<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro per. On August 4, 2014, plaintiff filed a complaint against the People of the State of California along with a motion to proceed in forma pauperis. ECF Nos. 1 & 3. On September 12, 2014, the court granted plaintiff's application and dismissed his complaint for asserting claims barred by the Eleventh Amendment. ECF No. 7. On October 14, 2014, plaintiff filed a first amended complaint ("FAC"), again naming as defendant the People of the State of California. ECF No. 10. The court again dismissed plaintiff's complaint as barred by the Eleventh Amendment on October 23, 2014. ECF No. 12. In its order, the court stressed that if plaintiff has claims against any individual or entity other than the State of California he must name those individuals or entities in the caption of his complaint. Id. at 2.

On November 24, 2014, plaintiff filed a motion for reconsideration along with a notice of appeal and a second motion to proceed in forma pauperis. ECF Nos. 13–15. On December 2,

1

2014, the court denied plaintiff's motion for reconsideration and granted him thirty (30) days to file an amended complaint. ECF No. 18. In the court's order it explained that plaintiff's attempt to appeal the dismissal of his FAC with leave to amend did not stay this action. Id. at 3. The court also warned plaintiff that failure to file a timely amended complaint would result in the undersigned recommending that his claims be dismissed without leave to amend. Id. at 4. On January 5, 2015, plaintiff filed a notice of interlocutory appeal. ECF No. 19. Plaintiff has yet to file an amended complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file a second amended complaint ("SAC") strongly suggests that he has abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given little weight as none of the defendants have yet been served, and plaintiff's unreasonable delay in prosecuting this action has further delayed the resolution of this case on the merits.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  The court has already pursued remedies that are less drastic than a recommendation of dismissal, including giving the plaintiff three opportunities to file amended complaints.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before

3

1    employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988).  Further,

2    despite the court's warnings that the State of California is immune from suit under the Eleventh

3    Amendment plaintiff has so far refused to name any other defendants.  See ECF Nos. 10 & 13.

4    Plaintiff has also shown an inability to follow the court's instructions by choosing to file another

5    interlocutory appeal, which the court has already told plaintiff does not stay this matter.  ECF No.

6    19.

7         The court also recognizes the importance of giving due weight to the fourth factor, which

8    addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

9    set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

10   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

11   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

12   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

13   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

14   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

15        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with

16   prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and

17   183(a).

18        These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.

22   Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

23   Findings and Recommendations."  Any response to the objections shall be filed with the court

24   and served on all parties within fourteen days after service of the objections.  E.D. Local Rule

25   304(d). Failure to file objections within the specified time may waive the right to appeal the

26   ////

27   ////

28   ////

District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 13, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE